```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    4/15/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
                                                                    :
SAMMY SAMPSON,                                                      :
                                                                    :
                                                                    :
                            Plaintiff,                              :
                                                                    :          19-cv-5227 (LJL)
               -v-                                                  :
                                                                    :          OPINION AND ORDER
SUP'T MILLER,                                                       :
                                                                    :
                            Defendant.                              :
                                                                    :
--------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

        Petitioner Sammy Sampson ("Petitioner") brings this amended *pro se* petition for

a writ of *habeas corpus* under 28 U.S.C. § 2254.  He challenges his March 28, 2014 conviction

in the New York Supreme Court, Bronx County, for which he was sentenced to 16 years to life

in prison.  Petitioner's sentence was affirmed by the Appellate Division, First Department, and

the New York Court of Appeals denied leave to appeal.  *See People v. Sampson*, 61 N.Y.S.3d

884 (1st Dep't Oct. 19, 2017), *lv denied*, 77 N.Y.S.3d 344 (Feb. 15, 2018).  The basis for

Petitioner's claim for *habeas* relief is that he received ineffective assistance of counsel at his jury

trial because his attorney failed to subpoena certain phone records that Petitioner claims were

relevant to his defense.[1]  Because the Court finds that Petitioner's claims were not fully

exhausted in state court as required by law, the petition is dismissed.

        A petition for writ of habeas corpus must be denied if the petitioner has not

exhausted the remedies available in the state courts.  28 U.S.C. § 2254(b); *O'Sullivan v.*

---

[1] Petitioner's claim technically states two grounds for relief, 1) ineffective assistance of counsel and 2) a Brady violation, but Petitioner's elaboration of each ground makes the same factual allegation: his jury trial attorney failed to subpoena certain phone records.

*Boerckel*, 526 U.S. 838, 845-47 (1999).  "State remedies are deemed exhausted when a petitioner

has: (i) presented the federal constitutional claim asserted in the petition to the highest state court

(after preserving it as required by state law in lower courts) and (ii) informed that court (and

lower courts) about both the factual and legal bases for the federal claim."  *Ramirez v. Att'y Gen.*

*of State of N.Y.*, 280 F.3d 87, 94 (2d Cir. 2001) (citation omitted).

Petitioner's claim for *habeas* relief is not exhausted because he did not raise his claim in

state court either on direct appeal or on a petition for post-conviction review.  Indeed, it appears

that a procedure for collateral post-conviction relief on the same grounds might remain available

under N.Y. Crim. P. L. § 440.10.  The absence of any claim on appeal regarding the alleged

failure of Petitioner's trial attorney to subpoena the phone records in question is reflected in the

Appellate Division affirmance and Petitioner's appellate briefs, and is admitted in Petitioner's

*habeas* application.  *See Sampson*, 61 N.Y.S.3d at 884; Brief for Defendant-Appellant, Dkt. No.

14, Ex. 1; Reply Brief for Defendant-Appellant, Dkt. No. 14, Ex. 4; Dkt. No. 5.

Petitioner avers that the reasons his claim here was not brought on appeal in state court

are that it was not a preserved issue and that it is a federal constitutional claim that cannot

properly be brought on appeal in state court.  These reasons do not rescue his claim from failure

to exhaust.  Under New York law, when an ineffective assistance of counsel claim is not

demonstrable on the record, it may be pursued "by collateral or postconviction proceeding

brought under CPL 440.10."  *People v. Brown*, 45 N.Y.2d 582, 584 (N.Y. 1978); *see* N.Y. Crim.

P. L. § 440.10, 460.20 (McKinney 2010); *People v. Haffiz*, 19 N.Y.3d 883, 885 (N.Y. 2012)

(finding that a claim of ineffective assistance of counsel is "predicated on hearsay matters and

facts not found in the record on appeal" and therefore "should be raised in a postconviction

application under CPL article 440, where the basis of the claim may be fully developed").  There

is "no time limitation" to bringing a Section 440.10 motion challenging conviction on

constitutional grounds.  *See People v. Tiger*, 32 N.Y.3d 91, 99, (N.Y. 2018).  Because Petitioner

has made no such motion, New York State has not had the "opportunity to pass upon and correct

alleged violations" presented here, as is required to satisfy exhaustion.  *Duncan v. Henry*, 513

U.S. 364, 365 (1995).  Therefore, the petition is dismissed for failure to exhaust.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to close this case.  A copy of this order will be

mailed to Petitioner.


SO ORDERED.

Dated:  April 15, 2020
        New York, New York                       _____
                                                        LEWIS J. LIMAN
                                                  United States District Judge

3